## EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CARLOS BARAHONA, JORGE
VALLADARES, and JAVIER ALVARADO

Plaintiffs,

v.

HAGER MANAGEMENT INC., d/b/a
Hager Management, and
NAFTALI HAGER, an individual

Defendants.

Case No. 1:11-cv-00295-RJD-JO

### JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT

Plaintiff Carlos Barahona, Jorge Valladares and Javier Alvarado ("Plaintiffs") and defendants Hager Management Inc. and Naftali Hager ("Defendants"), hereby request that this Court approve the Parties' settlement of the above-captioned matter. As the Plaintiffs' action and certain of their claims arise under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"), the parties' settlement must be approved by this Court.

> The Fair Labor Standards Act expressly prohibits settlement of any right to unpaid minimum wage or unpaid overtime claims by employees, made pursuant to 29 U.S.C. §§ 206-07, without the supervision of the Secretary of Labor. 29 U.S.C. § 216(c) (noting that a supervised settlement agreement "shall constitute a waiver by such employee of any right he may have [to pursue a private cause of action under FLSA]"). Courts have allowed an additional exception to FLSA's restriction on settlement to include judicially-supervised stipulated settlements. See *Manning v. New York Univ.*, 2001 WL 963982, at *12-13 (S.D.N.Y. Aug. 22, 2001) (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8, (1946) and *Lynn's Food*

*Stores, Inc. v. United States ex. rel. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982)).

*Simel v. JP Morgan Chase*, 2007 U.S. Dist. LEXIS 18693, 11-12 (S.D.N.Y. Mar. 19, 2007). See also *Sampaio v. Boulder Rock Creek Developers, Inc.*, 2007 U.S. Dist. LEXIS 66013, 1-2 (E.D.N.Y. Sept. 6, 2007) (Boyle, E. Thomas) (individual action); *Medley v. Am. Cancer Soc'y*, 2010 U.S. Dist. LEXIS 75098 (S.D.N.Y. July 23, 2010) (Jones, Barbara S.) (approving settlement); *Lazzarini v. Reinwald Bros. Bakery Corp.*, 2009 U.S. Dist. LEXIS 56423 (E.D.N.Y. June 29, 2009) (Seybert, Joanna) (denying motion to approve with directions to provide further information in order to allow the court to determine the fairness and reasonableness) (Settled by Lazzarini v. Reinwald Bros. Bakery Corp., 2009 U.S. Dist. LEXIS 70426 (E.D.N.Y., Aug. 7, 2009)); *Tuan Le v. Sita Info. Networking Computing USA, Inc.*, 2008 U.S. Dist. LEXIS 20786 (E.D.N.Y. Mar. 13, 2008) (Seybert, Joanna) (denying motion to approve with directions to provide further information in order to allow the court to determine the fairness and reasonableness); *Mendez v. Nooch, Inc.*, 2009 U.S. Dist. LEXIS 128160 (S.D.N.Y. Jan. 7, 2009) (Mag Ellis, Ronald L.) (individual action).

The parties have executed a written Settlement Agreement and jointly ask the Court to approve the settlement and dismiss the case with prejudice. The Parties represent to the Court that the settlement is a fair and reasonable resolution of a *bona fide* dispute reached as a result of contested litigation. The Parties attest to the fairness and reasonableness of their amicable settlement. The Parties agreed to the terms of this settlement after they were counseled by their respective attorneys, who represented them throughout this action. Neither

the terms of the Settlement Agreement nor the subject matter of the underlying dispute concern the public interest. As such, a copy of the Settlement Agreement can be made available to the Court for *in camera* review or, alternatively, the parties can file copy of the Settlement Agreement with the Court under seal should the court so require.

WHEREFORE, the Parties jointly and respectfully request that this Court approve the Settlement Agreement of the Parties, and dismiss the instant action between the Parties with prejudice and without costs or attorneys' fees.

Respectfully submitted,

_____
Laurent Drogin (LD 4770)
**CARTER KRINSKY & DROGIN LLP**
1350 Broadway
New York, NY 10018

*Attorneys for Defendants*

_____
Penn Dodson (PD 2244)
**GOLDBERG & DOHAN, LLP**
275 Madison Ave., Suite 705
New York, NY 10016

*Attorneys for Plaintiffs*